UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal No. 06-1001 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| MOHAMED AMAR ALKHAWAM, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER**, District Judge

  This matter comes before the Court on two motions filed by Defendant Mohamed Alkhawam ("Defendant" or "Alkhawam").  Defendant primarily moves for the Court to grant bail pending appeal of his sentence [docket item # 14].  In the event this request is granted, Defendant moves that the Court stay his sentence under Federal Rule of Criminal Procedure 38(b)(1).  Alkhawam also moves for correction of his sentence, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure [docket item # 14].  Plaintiff United States of America (the "Government") opposes the portion of the motion requesting bail pending appeal.  The Government has not taken a position on the request that the sentence be corrected.  The Court has considered the papers submitted by the parties, and for the reasons set forth below, denies Alkhawam's motion for bail pending appeal and denied his motion to correct the sentence imposed.

### A.     Bail Pending Appeal

A person found guilty of a federal offense and sentenced to a term of imprisonment "shall" be detained pending appeal absent specified exceptional circumstances. 18 U.S.C. § 3143(b)(1). To be eligible for bail pending appeal, a convicted and sentenced defendant must establish:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in - -
>    (ii)    reversal,
>    (ii)    an order for a new trial,
>    (iii)   a sentence that does not include a term of imprisonment, or
>    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Id.

Defendant has not met his burden of proving these factors. Miller, 753 F.2d 19, 24 (3d Cir. 1985); United States v. Messerlian, 793 F2d 94, 95-96 (3d Cir. 1986). In particular, he has not demonstrated that the appeal of his conviction would raise a substantial question of law or fact likely to result in reversal, a new trial or a reduced term of imprisonment, as set forth in 18 U.S.C. § 3143(b)(1)(B). A substantial question is not simply an issue that is not frivolous. Miller, 753 F.2d at 23. Rather, the issue must be debatable among jurists of reason or "fairly doubtful." United States v. Smith, 793 F.2d 85, 88-89, 92 (3d Cir. 1986), cert. denied, 479 U.S. 1031 (1987). This may be shown if the issue is novel, or not governed by controlling precedent. Miller, 753 F.2d at 23. The defendant must also demonstrate that the issue is so integral to the merits "that a contrary appellate ruling is likely to require reversal or a new trial" on all counts.

Id.

Alkhawam argues that his appeal raises a substantial question of law or fact likely to result in a reduced term of imprisonment. He claims that the Government's motion for a downward departure of Alkhawam's sentence based on U.S.S.G. § 5K1.1 was untimely. He argues that the Government's submission of the motion only two days before his sentencing date precluded him from providing an in-depth response and from being heard in a meaningful way regarding the downward departure motion. Alkhawam also argues that the motion failed to state that he was prepared to testify in the matter of United States v. Mohamed Hussein, even though the Government had previously served Alkhawam with a subpoena for his trial testimony in that case. According to Defendant, the Government's actions denied him due process and make it likely that the Third Circuit will find that error occurred in his prosecution.

Alkhawam, however, stipulated in his plea agreement that he knowingly and voluntarily waived his right to appeal his sentence if it fell within or below that Guidelines range applicable to the agreed-upon offense level of 19. Alkhawam was sentenced to a term of imprisonment of 12 months and 1 day. The waiver of appeal stipulation bars Alkhawam from appealing his sentence. As such, Alkhawam cannot demonstrate that his appeal, involving issues relating to the extent of his downward departure, would present substantial questions of law or fact likely to result in reversal of the conviction, a reduced sentence or a new trial.

The Court finds no reason to depart from the presumption in favor of post-conviction detention. Miller, 753 F.2d at 22 (observing that the "Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail that had been established

3

under the prior statute, the Bail Reform Act of 1966.")  A sentence to a term of imprisonment, which exists in Alkhawam's case, further militates in favor of post-conviction detention. Compare 18 U.S.C. § 3143 (a) with § 3143(b).  In its discussion of the policy underlying the enactment of the Bail Reform Act, the Third Circuit took note of Congress's rationale:

> [O]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law.

Id. (quoting H.Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).

Having failed to meet his burden of establishing the requirements for bail pending appeal, as set forth in 18 U.S.C. § 3143(b)(1), Alkhawam's application for relief must be denied.  As Defendant will not be released pending appeal, his related request for a stay of the sentence under Federal Rule of Criminal Procedure 38(b)(1) will also be denied.

      **B.**    **Rule 35(a) Correction of Sentence**

Defendant asks this Court to exercise its power under Rule 35(a) to correct a sentence that resulted from arithmetical, technical, or other clear error.  In particular, Alkhawam argues that several defendants in related cases should be held responsible for payment of restitution. The current Judgment of Conviction notes that two defendants in related cases, Hebba Almonte and Mohamad Abdualraof Abdulaal, "may be subject to restitution orders to the same victims for

these same losses." Alkhawam's Rule 35(a) motion notes that the Presentence Investigation Report lists others involved in the crimes charged against Alkhawam and that these people may also be held responsible for payment of restitution in related cases. Thus, he asks that the Judgment of Conviction be corrected to state that these individuals may also be subject to restitution orders. Because the Judgment states that "no further payments shall be required once the losses are satisfied," the requested correction would affect Alkhawam's responsibility to the extent that the amounts actually paid by all defendants fully satisfy the losses.

The Court must deny Defendant's Rule 35(a) motion for lack of jurisdiction. According to Rule 35(a), the correction must occur within 7 days of sentencing. The time limit imposed by the rule is jurisdictional. United States v. Higgs, 504 F.3d 456, 463-63 (3d Cir. 2007). Alkhawam's Judgment of Conviction is dated October 1, 2008, and his motion to correct the sentence was filed on October 10, 2008, the seventh business day following the sentencing. Although the motion for correction under Rule 35(a) was filed within the time limit set by the rule, the limitation pertains to the Court's authority to correct the sentence. Id. at 458-59. The jurisdictional limit of the rule binds the Court, even where the motion for relief under the rule was timely filed. Id. The Court simply has no power to grant the relief requested.

Accordingly, for the reasons set forth above,

**IT IS** on this 5th day of November, 2008

**ORDERED** that Defendant Mohamed Alkhawam's motion for bail pending appeal [docket item # 14] be and hereby is **DENIED**; and it is further

**ORDERED** that Defendant's motion for a stay of the sentence under Federal Rule of Criminal Procedure 38(b)(1) be and hereby is **DENIED**; and it is further

**ORDERED** that Defendant's motion to correct his sentence, pursuant Federal Rule of Criminal Procedure 35(a) [docket item # 14],  be and hereby is **DENIED**.

_s/ Stanley R. Chesler_
STANLEY R. CHESLER
United States District Judge
